UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| CEDAR FARM, HARRISON COUNTY, INC., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 1:07-cv-1230-DFH-JMS |
| | ) | |
| LOUISVILLE GAS AND ELECTRIC COMPANY, | ) | |
| | ) | |
| Defendant. | ) | |

ENTRY ON PLAINTIFF'S MOTION FOR VOLUNTARY DISMISSAL

Plaintiff Cedar Farm, Harrison, County, Inc. and defendant Louisville Gas and Electric Company (LG&E) entered into an Amended and Consolidated Oil, Gas and Gas Storage Lease. Cedar Farm filed this suit alleging that LG&E has breached the Lease repeatedly, causing damage to Cedar Farm's property. Count One of the Amended Complaint sought damages. Count Two sought to evict LG&E from the property and to terminate or forfeit the Lease. On June 30, 2009, the court granted LG&E's motion for summary judgment on Count Two, finding that the undisputed facts showed that Cedar Farm was not entitled to terminate the lease and eject LG&E from the property. The court denied LG&E's request for entry of a separate final judgment as to that claim under Rule 54(b) of the Federal

Rules of Civil Procedure.  The case remained set for a bench trial on damages on August 24, 2009.

LG&E then filed a motion for summary judgment on Cedar Farm's remaining claim for damages.  The motion for summary judgment is based on Cedar Farm's responses to discovery stating that it had no evidence that would allow it to prove and quantify monetary damages for the alleged harm to the property.

Cedar Farm has not responded to the merits of the summary judgment motion.  After obtaining two extensions of time to respond, Cedar Farm filed instead a motion to dismiss Count One voluntarily, without prejudice, pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.  LG&E has objected and argues that dismissal of Count One either (a) should be with prejudice, or (b) should be conditioned on Cedar Farm reimbursing LG&E for its attorney fees and costs incurred in moving for summary judgment, Cedar Farms being held to its discovery responses saying it does not seek damages for the alleged breaches, and requiring that any new action by Cedar Farm be filed in this federal district court.

When a plaintiff seeks to dismiss without prejudice after the defendant has answered the complaint, the plaintiff must obtain a court order.  Fed. R. Civ. P. 41(a)(2); *Marlow v. Winston & Strawn*, 19 F.3d 300, 303 (7th Cir. 1994).  In granting leave to dismiss without prejudice, the court exercises its discretion and

may impose conditions.  See, *e.g.*,  *LeBlang Motors, Ltd. v. Subaru of America, Inc.*, 148 F.3d 680, 685 (7th Cir. 1998).  For example, a court might award the attorney fees and costs incurred by the defendant for legal work that could not be used in any later litigation of the same claim.  See, *e.g.*, *Cauley v. Wilson*, 754 F.2d 769, 772 (7th Cir. 1985); *Renner Motors, Inc. v. Ford Motor Co.*, 2005 WL 1396992, at *1 (S.D. Ind. June 13, 2005).  Such conditions can be appropriate to protect the interests of a defendant who has been forced to litigate a case and then may face the prospect of relitigating all or part of the case, especially after having prepared and filed what looks like a winner of a summary judgment motion.

In support of its motion for voluntary and unconditional dismissal, Cedar Farm argues that it had sought damages under Count One for what it believed was gas production on the property for which LG&E had not been paying it, or at least paying it properly.  Cedar Farm explains that it has taken discovery that has now persuaded it that there is no evidence of such gas production or failures to pay.  Cedar Farm argues, however, that for other alleged breaches of the lease having to do with LG&E's and its contractors' treatment of the land itself, it expected to be able to terminate the lease and therefore did not prepare damages calculations and evidence.  After this court's grant of summary judgment for LG&E on Count Two, which was Cedar Farm's request for a declaration that the lease was terminated and that LG&E was required to remove its equipment from the property, Cedar Farm wants to keep open the possibility of a damages claim, but says it is not prepared to prove such a claim at this time.

This attempt to explain the motion for voluntary dismissal by distinguishing between the factual bases for Counts One and Two is not consistent with Cedar Farm's own complaint.  Both counts of the complaint incorporated all of the allegations of wrongdoing by LG&E on the property and simply requested different relief:  damages for Count One and ejectment for Count Two.  The original complaint made no mention of any failure to pay for extraction of native natural gas on the property.

Cedar Farm should not need discovery to offer evidence of its damages. Cedar Farm controls the property in question, and individuals associated with the company were identified as knowledgeable in the company's response to Interrogatory No. 13.

Cedar Farm brought this case to court.  It did so at a time of its own choosing, asserting claims of its own choosing.  Its original complaint indicated that it intended to prove its monetary damages at trial.  The court has been open to consider Cedar Farm's claims, and the court's compulsory processes required LG&E to respond to them upon pain of a default judgment if it failed to do so. After losing its claim for ejectment, Cedar Farm's motion asks in essence for an unlimited right to a "do-over" on the damages claim.  It is not entitled to that relief, which would prejudice LG&E unfairly after it responded as required to the lawsuit against it.

The court has three motions pending before it.  The most recent, LG&E's motion for leave to file a surreply (Docket No. 63), is granted.  The tendered surreply was necessary to correct misstatements by Cedar Farm about the nature of its claims (as pled in the original complaint) and the history of this case in this court.  The tendered surreply shall be deemed filed.  Cedar Farm's motion for voluntary dismissal is denied.  It would not be fair to LG&E or to this or some other court in the future to allow Cedar Farm an unlimited right to start a portion of this lawsuit all over again, as if this case had never happened.

LG&E's motion for summary judgment on Count One remains pending.  Cedar Farm's motion for voluntary dismissal asked the court to stay proceedings on that motion while its request was pending, and the court has in effect done so.  The court concludes that the fairest approach to this case in this unusual posture is to give Cedar Farm a choice among three options.  Cedar Farm shall file and serve a statement no later than April 17, 2010 indicating which option it chooses:

1.    Dismiss Count One voluntarily but with prejudice, at which point the court will enter final judgment in favor of LG&E.  (If Cedar Farm then wishes to appeal the court's ruling on Count Two, it will have a final judgment allowing it to do so.)

2.    Dismiss Count One without prejudice, upon two of the conditions that LG&E has proposed:  Cedar Farm's payment of LG&E's attorney fees and costs incurred in moving for summary judgment, and an order requiring that any future lawsuit arising from substantially the same circumstances be filed in this federal district court.[1]  If Cedar

---

[1]Similar conditions were upheld or imposed in *Scholl v. Felmont Oil Corp.*, (continued...)

Farm chooses this option, LG&E shall submit a petition for fees and costs within 14 days after receiving notice of Cedar Farm's choice, and Cedar Farm shall have another 14 days in which to respond. (The court is omitting the proposed condition of deeming Cedar Farm's discovery responses binding because it would render this option futile, though the responses are certainly available as evidence that may be used against Cedar Farm in any future litigation of the claims.)

3.    Respond on the merits to the pending motion for summary judgment on Count One.  If Cedar Farm chooses this option, it shall file its response within 28 days after filing its notice of its choice.


So ordered.

Date:  March 26, 2010

_David F. Hamilton_

_____
DAVID F. HAMILTON, CIRCUIT JUDGE*
*Sitting by designation


Copies to:

Jan M. Carroll
BARNES & THORNBURG LLP
jan.carroll@btlaw.com

Jackie M. Bennett, Jr.
TAFT STETTINIUS & HOLLISTER LLP
jbennett@taftlaw.com

F. Anthony Paganelli
TAFT STETTINIUS & HOLLISTER LLP
paganelli@taftlaw.com

---

[1](...continued)
327 F.2d 697, 700 (6th Cir. 1964); *Versa Products, Inc. v. Home Depot, USA, Inc.*, 2004 WL 5544746, at *1 (N.D. Ga. June 22, 2004); *Bentz v. Reed Elsevier, Inc.*, 2000 WL 33244507, at *2 (S.D. Ohio Dec. 5, 2000); and *Pittsburgh Jaycees v. U.S. Jaycees*, 89 F.R.D. 166, 168 (W.D. Pa. 1981).